

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00316-CV

**IN THE INTEREST OF J.F.,** Minor Child

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-02694
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:      Karen Angelini, Justice
              Rebeca C. Martinez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: October 22, 2014

AFFIRMED

Appellant appeals the trial court's order terminating her parental rights to her daughter, J.F. After an eight-day jury trial, the trial court submitted a broad form jury charge providing the jury with five possible grounds for termination and indicating that the jury must also find that termination of Appellant's parental rights is in the best interest of J.F. In a single question, the charge asked the jury, "Do you find that the parent-child relationship between [Appellant] and the child, J.F., should be terminated?" The jury answered, "Yes." The trial court signed an order of termination in accordance with the jury's findings.

In her sole issue on appeal, Appellant argues that trial counsel provided ineffective assistance of counsel for failing to object to a ground in the broad form jury charge that failed to track the statutory language of the Family Code. Specifically, she complains that the charge

erroneously gave the jury the option to terminate Appellant's parental rights if she "contumaciously refused to submit to a reasonable and lawful order of the court." Section 161.001(1)(I) provides: "The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has contumaciously refused to submit to a reasonable and lawful order of a court *under Subchapter D, Chapter 261*[.]" TEX. FAM. CODE ANN. § 161.001(1)(I) (West 2014) (emphasis added). Appellant contends that this ground was overly broad because it allowed for termination if she refused to submit to *any* order of the court, and there is no way of knowing how many jurors relied on this ground to terminate her parental rights. Thus, she maintains that counsel was ineffective for failing to object to the error.

The Texas Supreme Court has held that "the statutory right to counsel in parental-rights termination cases embodies the right to effective counsel." *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003); TEX. FAM. CODE ANN. § 107.013(a) (West 2014). The two-pronged *Strickland* test used for determining counsel effectiveness in criminal proceedings is also used to determine counsel effectiveness in civil parental termination proceedings. *In re M.S.*, 115 S.W.3d at 545; *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the two-pronged test, Appellant must first show that her counsel's performance was deficient; second, Appellant must show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *Strickland*, 466 U.S. at 688-89. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. An allegation of ineffective assistance must be firmly founded in the record, and the record must

affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813-14. Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *Strickland*, 466 U.S. at 689.

Here, Appellant did not file a motion for new trial, and the record is silent as to counsel's strategy at trial. *See Thompson*, 9 S.W.3d at 813-14 (silent record will not support ineffective assistance claim). Based on the silent record before us, we cannot conclude that counsel's failure to object to a ground in the broad form jury charge that failed to track the statutory language of the Family Code[1] was "outside the wide range of professionally competent assistance." *In re J.F.C.*, 96 S.W.3d 256, 283 (Tex. 2002) (quoting *Strickland*, 466 U.S. at 690). Appellant has failed to show her counsel's performance was deficient. *See In re J.F.C.*, 96 S.W.3d at 283; *Thompson*, 9 S.W.3d at 914. Because Appellant failed to meet her burden under the first prong of the *Strickland* test, we need not address the second prong. *See Strickland*, 466 U.S. at 697. Accordingly, we overrule Appellant's issue on appeal, and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice

---

[1] Appellant cites *In re B.L.D.*, 113 S.W.3d 340, 354-55 (Tex. 2003), for the proposition that grounds for termination submitted to the jury in the broad form jury charge must track the statutory language of the Family Code. *B.L.D.* does not actually mandate such, but merely noted that the charge in the case did track the language of the Family Code. *See id.*